**HASBANI & LIGHT, P.C.**
Danielle P. Light, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Suite 1408
New York, New York 10123

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTICLE 15 LAFAYETTE LLC,<br><br>                              Plaintiff,<br><br>-against-<br><br>HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-OA5,<br><br>                              Defendant. | **COMPLAINT FOR A CIVIL CASE**<br><br>Case No. 20-5773 |

ARTICLE 15 LAFAYETTE LLC ("Plaintiff"), by and through its attorneys Hasbani & Light, P.C., complains of HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIOUS 2007-OA5, NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK PARKING VIOLATIONS BUREAU, DEBRA A. DERBY AND RICARDO VAZ (collectively "Defendants"), upon information and belief, as follows:

## **NATURE OF THE ACTION**

1. This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1501(4) to discharge a Mortgage dated June 15, 2007 and recorded in the

1

Office of the Register of the City of New York for the County of Kings on July 6, 2007 in CRFN: 2007000346291(the "Disputed Mortgage") securing the repayment of a note dated the same date for the principal sum of $560,000.00 against real property known as 446 Lafayette Avenue, Brooklyn, New York 11238 (the "Subject Premises").

2. Defendant, HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIOUS 2007-OA5 ("HSBC") previously commenced a foreclosure action on February 26, 2009 in the Supreme Court for the State of New York, County of Kings. HSBC discontinued this case voluntarily in March 2009. A new foreclosure action was filed in August 2011, which was discontinued voluntarily in 2013. A third foreclosure action was not commenced after the 2011 action was discontinued or before the statute of limitations deadline of February 26, 2015. Since the statute of limitations to foreclose on the Disputed Mortgage expired on February 26, 2015, the Disputed Mortgage must be discharged pursuant to RPAPL Section 1501(4).

**PARTIES**

3. Plaintiff is a limited liability company organized under the laws of the State of Delaware. Plaintiff is a single-member Delaware limited liability company with offices in Florida.

4. Plaintiff is the title owner of the premises having obtained title from a court appointed referee at a foreclosure auction.

5. Upon information and belief, HSBC is a trustee of a trust with its principal place of business in Virginia.

6. HSBC is the holder and assignee of the Disputed Mortgage by virtue of an assignment of mortgage dated February 26, 2009 and recorded in the Office of the Register of the City of New York for the County of Kings on March 16, 2009. Although HSBC assigned the

Disputed Mortgage to GMAC Mortgage LLC on July 16, 2011, GMAC Mortgage LLC assigned the Disputed Mortgage back to HSBC on December 16, 2013.

7. There are no other parties that are necessary to this action.

## JURISDICTION AND VENUE

8. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

## GENERAL ALLEGATIONS

10. On June 15, 2007, Debra A. Derby and Ricardo Vaz executed a mortgage which was recorded in the Office of the Register of the City of New York for the County of Kings on July 6, 2007 in CRFN: 2007000346291 (the "Disputed Mortgage"). The Disputed Mortgage secured the repayment of a note dated June 15, 2007 for the principal sum of $560,000.00 against real property known as 446 Lafayette Avenue, Brooklyn, New York 11238 (the "Subject Premises"). Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage.

11. On June 15, 2007, Debra A. Derby and Ricardo Vaz also executed a mortgage in the amount of $200,000.00 which was recorded in CRFN: 2008000337415 in the Office of the Register of the City of New York for the County of Kings on August 22, 2008 ("Plaintiff's Mortgage"). Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Mortgage with its assignments of mortgage assigning it to Plaintiff.

12. The Disputed Mortgage was assigned to HSBC by an assignment of mortgage dated

February 26, 2009 and recorded in the Office of the Register of the City of New York for the County of Kings on March 16, 2009. Attached hereto as **Exhibit C** is a true and correct copy of assignment of mortgage to HSBC Bank. The Disputed Mortgage was subsequently assigned to GMAC Mortgage LLC on July 16, 2011 and then assigned back to HSBC on December 16, 2013. Attached hereto as **Exhibit D** are true and correct copies of the assignments of mortgage of the Disputed Mortgage dated July 16, 2011 and December 16, 2013.

13. On February 26, 2009, HSBC commenced an action to foreclose the Disputed Mortgage in the Supreme Court for the State of New York, County of Kings bearing Index Number 4829/2009 (the "2009 Foreclosure Action"). Attached hereto as **Exhibit E** is a true and correct copy of the Supreme Court's docket and list of appearances.

14. On March 9, 2011, HSBC filed a stipulation of discontinuance and cancelation of lis pendens in the 2009 Foreclosure Action. *See* **Exhibit E**.

15. On August 23, 2011, HSBC filed a second foreclosure action bearing Index Number 19193/2011 (the "2011 Foreclosure Action"). Attached hereto as **Exhibit F** is a true and correct copy of the ELaw Docket. Affidavits of service were filed in this action and the case was discontinued on May 3, 2012. *See* **Exhibit F**.

16. Based on prior testimony of Debra Derby and Ricardo Vaz, the mortgagors never resided at the Subject Premises. Attached hereto as **Exhibit G** is a true and correct copy of the deposition transcript of Debra Derby from a foreclosure action, Page 24, Lines 2-3. Attached hereto as **Exhibit H**, Page 13, Lines 17-24, is a true and correct copy of the deposition transcript of Ricardo Vaz stating that he has resided at another property, and not the Subject Premises, consecutively since 2005.

17. Upon information and belief, a new foreclosure action was never filed to foreclose

the Disputed Mortgage.

# CAUSES OF ACTION

## DISCHARGE OF MORTGAGE

18. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

19. Pursuant to RPAPL § 1501 (4):

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

20. An action to foreclose a mortgage is subject to a six-year statute of limitations. *See* CPLR § 213(4). Concerning mortgages payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due. Once a mortgage that is payable in installments is accelerated, the six-year statute of limitations begins to run on the entire mortgage debt. A foreclosure action is a point of acceleration of the note and mortgage.

21. Here, two foreclosure actions were filed; one was filed in 2009 and the other in 2011. The 2009 Foreclosure Action to foreclose on the Disputed Mortgage was discontinued in

March 2011.  **Exhibit E**.  The 2011 Foreclosure Action to foreclose on the Disputed Mortgage was discontinued in May 2012.  **Exhibit F**.  Based on the foregoing, HSBC's time to commence a new action expired by the latest on February 25, 2015 (six-years after the 2009 Foreclosure Action was filed) and a new action is barred as being outside the six (6) year statute of limitations.

22. As a result, the Disputed Mortgage must be discharged pursuant to RPAPL § 1501(4).

23. That any estate or interest that HSBC ever had or claims to have had in the Subject Premises or in any part thereof and any and all Mortgage and Note are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

24. That none of the defendants are unknown, infants or under any other disability.

25. All interested parties in the Disputed Mortgage and the Subject Premises are named in this action.

26. That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, Article 15 Lafayette LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Defendants as follows:

1. Defendants and every person or entity claiming under it be forever barred from all claims to an estate or interest in the Subject Premises;
2. The Office of the Register of the City of New York for the County of Kings be directed to cancel and discharge of record the Disputed Mortgage dated June 15, 2007 and recorded in the Office of the Register of the City of New York for the County of Kings on July 6, 2007 in CRFN: 2007000346291;

3. That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and

4. Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
November 9, 2020

*/s/ Danielle P. Light*
Danielle P. Light, Esq.
*Counsel for Plaintiff*